Filed March 10, 1896.

---

No. 1,496.

### SWEET ET AL. *v.* CAMPBELL ET AL.

EVIDENCE.—*Sale of Goods.*—*Replevin by Vendor.*—*Chattel Mortgage.* —*Fraud.*—That the liabilities of a merchant exceeded his assets at the time of a purchase of goods by him, and that a few months thereafter he failed in business, and that he had reckless habits and made extravagant expenditures, does not justify an inference that he purchased the goods with the fraudulent intent of not paying therefor, entitling the seller to rescind and recover them from a chattel mortgagee.

From the Lake Circuit Court.

*Olds & Griffin*, for appellants.

*J. B. Peterson*, for appellees.

DAVIS, J.—This was an action in replevin brought by the appellants against the appellees, William T. Campbell and John J. Funkhauser, to recover the possession of a part of a stock of goods amounting in value to about $400. At the conclusion of the evidence the court instructed the jury to return a verdict for the appellees.

The only error assigned by the appellants in this court is the overruling of their motion for a new trial. The only reason assigned in the motion for a new trial is that the court erred in instructing the jury to return a verdict for the appellees.

In 1892 the appellee Campbell was engaged in the retail clothing business in the city of Hammond. The goods in question were purchased of the appellants, wholesale merchants in Chicago, by the said Campbell, in the regular course of business, in July, 1892. Campbell then had a stock in trade worth perhaps $5,000, and was in debt to that amount, or more. The appellants sold the goods to Campbell on credit. There is no claim that he made any misrepresentation to the appellants. In December, 1892, he executed a chattel mortgage on his stock of goods to secure certain of his creditors, by the terms of which said appellee Funkhauser was placed in possession of said stock of goods, with power to sell the same for the purpose of paying said preferred debts. The debts secured by the mortgage were valid obligations. One of them was for money borrowed after the purchase of the goods in question. Campbell appears to have been an occasional frequenter, at least, of the races, and was in some respects reckless and extravagant in his expenditures of money. He was migratory, and within a few months had his stock of goods in East Chicago, Kokomo, Delphi and Hammond, and his methods were not such as to inspire confidence in his ability or success as a merchant. The circumstances are such as to have justified the inference that he was insolvent when he purchased the goods, in the sense that his assets were not sufficient to discharge his obligations, but the appellants and others sold him goods and loaned him money on credit without requiring him to make any statement concerning his business, resources or obligations.

In the case of *Thompson* v. *Peck*, 115 Ind. 512, Judge Mitchell, in delivering the opinion of the court, says : "That the purchasers may have been insolvent when the first bill, or any of the other bills, was purchased,

and that they may have known that their debts exceeded. their assets, did not of itself constitute such a fraud as justified the setting aside of the sale after the goods had come fully and fairly into the possession of the buyers.    To avoid a sale after goods have been taken into possession of the buyer, apparently in the ordinary course of his business, there must have been some arti- fice or trick, or some false pretense or fraudulent sup- pression of the truth, which enabled the purchaser to obtain possession of the goods, and it must appear that the latter intended at the time of each purchase not to pay for the goods." *Vermont Marble Co.* v. *Smith,* 13 Ind. App. 457, and authorities there cited.

In this case there was no trick, artifice, misrepresent- ation or fraudulent suppression of the truth by the pur- chaser, either as to his habits or financial condition.    If any such circumstances were shown a different question might be presented.

The fact that his liabilities exceeded his assets is not sufficient, of itself, to justify the inference that he in- tended at the time of the purchase not to pay for the goods.    His failure may be regretted and his reckless habits and extravagant expenditures deplored, but they are not sufficient under the circumstances to justify the inference that he purchased the goods with the fraudu- lent intent of not paying therefor.    There are no other circumstances on which such an inference can be predi- cated.    The debts secured by the mortgage are *bona fide,* and he had the legal right to prefer such creditors. The fact that he may have been incapable, reckless and extravagant would have been a good reason for refusing to give him credit, but such circumstances would not authorize the inference that he purchased the goods with the fraudulent intent and purpose of obtaining them without paying therefor, or that the mortgage for the

benefit of the preferred creditors was grounded in fraud. Their claims were just as valid as appellants', and as between them and the appellants, no reason has been shown why they are not entitled to the preference.

We have carefully read the entire record, and are of the opinion that the court did not err in directing the jury to find for the appellees.

Judgment affirmed.

Filed March 11, 1896.